IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN TAYLOR, #0270100, § | |
| PETITIONER, § | |
| § | |
| V. § | CIVIL NO. 3:21-CV-682-K-BK |
| § | |
| DIRECTOR, TEXAS DEPARTMENT OF § | |
| CRIMINAL JUSTICE, § | |
| RESPONDENT. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Kevin Taylor's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254, was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review, the habeas petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

**I. BACKGROUND**

On September 11, 2009, Taylor pled guilty to aggravated robbery with a deadly weapon enhanced by a prior felony conviction, and the trial court deferred the adjudication of guilt and sentenced him to seven years' community supervision. *State v. Taylor*, No. F-0830431-U (291st Jud. Dist. Ct., Dallas Cnty, Tex., Sep. 11, 2009).[2] Five years later, the state court adjudicated

---

[1] *See* Rule 4(b) of the RULES GOVERNING § 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] The state trial court's docket sheet is available by entering the case number (F0830431) at https://www.dallascounty.org/services/public-access.php (last accessed on July 14, 2021).

Taylor's guilt and sentenced him to 25 years' confinement. *State v. Taylor*, No. F-0830431-U (291st Jud. Dist. Ct., Dallas Cnty, Tex., May 17, 2016). Taylor's conviction upon adjudication was affirmed on direct review. *Taylor v. State*, No. 05-16-00708-CR, 2017 WL 1046771, at *1 (Tex. App.—Dallas, Mar. 20, 2017, no pet.).

On July 11, 2018 and January 25, 2019, Taylor sought state habeas relief under TEX. CODE OF CRIM. PROC. Article 11.07, but was unsuccessful both times. *Ex parte Taylor*, No. WR-88,831-01 (Tex. Crim. App. Oct. 17, 2018); *Ex parte Taylor*, No. WR-88,831-02 (Tex. Crim. App. Apr. 10, 2019).[3] Taylor appealed the dismissal of his second habeas application, contending the trial court failed to act on, and presumptively denied, his application for writ of habeas corpus; but his appeal was dismissed for want of jurisdiction. *Ex parte Taylor*, No. 05-19-01565-CR, 2020 WL 3248492, at *1-3 (Tex. App.—Dallas, June 16, 2020).

On March 23, 2021, Taylor filed the instant federal habeas petition, challenging his guilty plea and sentence of deferred adjudication. Doc. 3. He asserts the following grounds for relief: (1) the indictment contained an illegal sentencing enhancement, (2) his guilty plea was involuntary, (3) his attorney failed to investigate his prior convictions before sentencing, and (4) his right to appeal was obstructed by his attorney's failure to object to the enhancements. Doc. 3 at 6-7.

As his federal petition appeared untimely, the Court directed Taylor to respond regarding the application of the one-year limitations period, which he has since done. Doc. 7; Doc. 8. After reviewing the relevant pleadings and applicable law, the Court concludes that Taylor's

---

[3] The state habeas docket sheets are available at https://search.txcourts.gov/Case.aspx?cn=WR-88,831-01&coa=coscca and https://search.txcourts.gov/Case.aspx?cn=WR-88,831-02&coa=coscca (last accessed on July 14, 2021).

federal habeas petition was filed well after the expiration of the one-year limitations period. And, because no exception applies, it should be dismissed as time barred.

## II. ANALYSIS

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006). A state prisoner ordinarily has one year to file a federal habeas petition, counting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4] Specifically, Taylor (1) alleges no state-created impediment that prevented him from timely filing his claims, (2) his claims are not based on any newly recognized constitutional right, and (3) the facts supporting his claims became or could have become known prior to the date on which his conviction became final. Doc. 3. Accordingly, the one-year limitations period began to run from the date Taylor's judgment of conviction became final.

In the case of deferred adjudications, two limitations periods apply under § 2244(d)(1)(A) —one for claims relating to the order of deferred adjudication and the other for claims relating to the adjudication of guilt. *Tharpe v. Thaler*, 628 F.3d 719, 723-25 (5th Cir. 2010). Taylor's petition only raises issues that relate to the state court's September 11, 2009 *Order of Deferred Adjudication* rather than the subsequent adjudication of guilt. Thus, the limitations period is counted from the date the *Order of Deferred Adjudication* became final. Since Taylor did not

---

[4] The provisions of subsections (B) through (D) of § 2244(d)(1) are inapplicable to this case. *Id.*

appeal from that order, the *Order of Deferred Adjudication* became final 30 days after it was issued. *See* FED. R. CIV. P. 6(a). Consequently, the one-year period for Taylor to timely file a federal habeas petition expired on October 12, 2010.

Furthermore, while state habeas applications filed before the expiration of the one-year federal limitations period may statutorily toll the federal limitations period, s*ee* 28 U.S.C. § 2244(d)(2), those filed after do not. Thus, because Taylor's Article 11.07 state habeas applications were filed on July 3, 2018, and January 25, 2019—well after the one-year period for filing a federal petition had expired—he is not entitled to statutory tolling. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).[5]

Taylor's suggestion that the one-year period began on November 4, 2020—the date the Fifth District Court of Appeals issued a mandate on its June 16, 2020 order dismissing for want of jurisdiction Taylor's presumptive writ application under article 11.072—is unavailing. Doc. 8; *Ex parte Taylor*, 2020 WL 3248492, at *1-3. As stated previously, the AEDPA-mandated one-year period commences upon the conclusion of the direct review of a judgment of conviction—here the *Deferred Adjudication Order*—or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, the mandate date is inapplicable in calculating the date of finality under the AEDPA. *Roberts*, 319 F.3d at 693-95 (finding issuance of mandate does not control when

---

[5] The state applications were signed on July 3, 2018, and January 25, 2019, and filed on July 11, 2018, and January 25, 2019, respectively. *See Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending prison mailbox rule to state habeas application). Electronic copies of the state applications are available on the docket sheet for Case Nos. W0830431A and W0830431B at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/ (last accessed July 15, 2021).

conviction becomes final for purposes of the one-year limitations period). Additionally, pending state post-convictions proceedings merely suspend the running of the limitations period. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). They do not provide a new date from which the limitation period starts. *See also Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010) (distinguishing the AEDPA's "tolling provision, § 2244(d)(2)," from its "triggering provision, § 2244(d)(1)").

Thus, absent equitable tolling, Taylor's federal petition, deemed filed on March 5, 2021, is outside the one-year period under § 2254(d)(1)(A).[6]

### B. Equitable Tolling

The party seeking equitable tolling has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quote case omitted). The petitioner must pursue the habeas "process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999).

---

[6] Taylor's federal petition is deemed filed on March 5, 2021, the date Taylor certified he signed it (and presumably placed it in the prison mail system). Doc. 3 at 11; *see* Rule 3(d) of the RULES GOVERNING § 2254 PROCEEDINGS (providing "mailbox rule" is applicable to inmates who use jail/prison's internal mailing system).

Taylor has failed to establish that equitable tolling is warranted in this case.  First, no ambiguity exists as to the date of finality of Taylor's state conviction.  Second, Taylor did not pursue the habeas "process with diligence and alacrity." *Phillips*, 216 F.3d at 511.  He squandered the entire one-year period, waiting almost nine years after his deferred adjudication order became final in 2009 before filing his first state habeas application on July 11, 2018.  Taylor then waited an additional nine months after his state application was denied on June 16, 2020 before filing his federal petition on March 5, 2021.  Doc. 3 at 11.  These extended periods of inactivity clearly indicate a lack of due diligence.

Additionally, neither Petitioner's *pro se* status nor his unfamiliarity with the law alone suffices as a basis for equitable tolling "because [proceeding *pro se*] is typical of those bringing a § 2254 claim." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000).  Taylor also claims that the COVID-19 pandemic prevented timely filing.  Doc. 3 at 9.  While the pandemic certainly caused litigation delays in 2020 and 2021, it did not prevent timely filings from 2009 to 2019, the ten-year window that Taylor failed to utilize.

Consequently, Taylor has not met his burden to establish that equitable tolling is warranted in this case.

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus should be **DISMISSED**

**WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**SO RECOMMENDED** on July 30, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).